**SRKW**

**SPECTOR ROSEMAN KODROFF & WILLIS**PC

Direct E-Mail:
JCorrigan@srkw-law.com

August 20, 2013

**VIA HAND DELIVERY**
Marcia M. Waldron, Clerk of Court
Office of the Clerk
United States Court of Appeals
 for the Third Circuit
601 Market St., Room 21400
Philadelphia, PA 19106

RE:   *In re: Blood Reagents Antitrust Litigation, No. 12-4067*

Dear Ms. Waldron:

In its letter advising the Court of supplemental authority under F. R. App. P. 28(j) ("Letter Br."), Appellant Ortho-Clinical Diagnostics, Inc. ("Ortho") overstates the relevance of the recent *In re: Rail Freight Fuel Surcharge Antitrust Litigation* decision to the facts of this case. Most significantly, the only reason the *Rail Freight* court found the class certification decision questionable – that plaintiffs' damages methodology "detect[ed] injury where none could exist," *Rail Freight*, No. 12-7085, slip op. at 13; *see also id.* at 16 ("damages model's propensity toward false positives") – is not present in this case.

Ortho asserts that *Rail Freight* "confirms that a district court must 'scrutinize' a damages model before granting class certification," Letter Br. at 1, but the parties are not disputing that a damages model should be scrutinized at class certification. In *Rail Freight*, the district court ignored entirely the false positives yielded by the plaintiffs' damages model. *Rail Freight*, slip

Philadelphia | Washington

1818 Market Street | Suite 2500 | Philadelphia, PA 19103 | T: 215 496 0300 | F: 215 496 6611 | srkw-law.com
Affiliated Offices Worldwide

Marcia M. Waldron, Clerk of Court
August 20, 2013
Page 2

op. at 13-14, 17. Here, the District Court thoroughly analyzed the arguments, evidence and expert testimony offered by both parties, and concluded that Plaintiffs "presented and applied viable methodologies to calculate damages using common proof." JA-48. *See also* Plaintiffs' Br. at 3-7, 33-45. *Rail Freight*, like *Comcast*, requires nothing further.

Moreover, the *Rail Freight* court noted that at class certification, we "expect the common evidence to show all class members suffered some injury." *Rail Freight*, slip op. at 12-13. Here, plaintiffs' expert, Dr. Beyer, applied his benchmark damages methodology to confirm exactly that, *see* Plaintiffs' Br. at 3, 7-8, 29, and the District Court specifically found that he had "demonstrated that 'virtually all customers paid more for traditional reagents than they would have paid in the absence of the alleged anticompetitive conduct.'" Plaintiffs' Br. at 5-6 (quoting JA-35).

Respectfully,

**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**

Jeffrey J. Corrigan